IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD EDWARD BUCHANAN (TDCJ No. 551767), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:15-cv-920-D-BN |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO APPOINT COUNSEL**

Petitioner Richard Edward Buchanan has filed a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). *See* Dkt. No. 5. The Court DENIES the motion for the reasons explained below.

"No constitutional right to counsel exists in federal postconviction proceedings." *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. Dec. 28, 2011) (per curiam) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *see also United States v. Garcia*, 689 F.3d 362, 364-65 (5th Cir. 2012). But, "under § 3006A(a)(2)(B), a § 2254 petitioner should be appointed counsel when 'the interests of justice so require.'" *Urias*, 455 F. App'x at 523 (quoting 18 U.S.C. § 3006A(a)(2)(B)).

> The exercise of discretion in this area is guided ... by certain basic principles. When applying this standard and exercising its discretion in this field, the court should determine both whether the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim.

*Jackson v. Coleman*, Civil No. 3:11–CV–1837, 2012 WL 4504485, at *4 (M.D. Pa. Oct. 2, 2012) (citing *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991)); *see Scoggins v. MacEachern*, Civil Action No. 04–10814–PBS, 2010 WL 3169416, at *1 (D. Mass. Aug. 10, 2010) ("In order to obtain appointed counsel, 'an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel.' The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts." (quoting *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986) (other citations omitted)).

While Petitioner has moved for appointment of counsel pursuant to Section 1915(e)(1), under which a "court may request an attorney to represent any person unable to afford counsel," *id.*, the decision to appoint counsel under "§ 3006A(a)(2)(B) ... is similar to the standard applied in deciding whether to appoint counsel under 28 U.S.C. § 1915(e)(1), wherein the determination to appoint counsel hinges on the characteristics of the claim and the litigant." *Lyle v. United States*, Civil Action No. JFM–09–727, Criminal No. JFM–02–395, 2009 WL 901523, at *1 (D. Md. Mar. 31, 2009) (citing Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984)); *but see Tudor v. Harry*, No. 1:05-CV-827, 2007 WL 541979, at *1 (W.D. Mich. Feb. 16, 2007) ("As Petitioner is seeking relief under Section 2254, the application of 28 U.S.C. § 1915(e)(1) was clear error.").

Here, under Section 3006A(a)(2)(B), the interest of justice do not require that the Court appoint counsel for Petitioner at this time.

Respondent has not yet filed a response to the petition. But, based on a preliminary review of the habeas application, the issues before this Court are typical of those that the Court routinely addresses in the context of Sections 2241 and 2254 and are neither significant, exceptional, nor complex.

Petitioner, moreover, has shown he is able to prosecute his claims by the filings he has so far presented to the Court.

Although Petitioner's motion for appointment of counsel is denied without prejudice, the undersigned will review all briefing as well as the state court record already filed once Petitioner files his reply. And if it appears that an evidentiary hearing is necessary, which could require the appointment of counsel, the Court will issue an appropriate order.

SO ORDERED.

DATED: March 25, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE