IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD EDWARD BUCHANAN | § | |
| (TDCJ No. 551767), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:15-cv-920-D-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division,[1] | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Richard Edward Buchanan, proceeding *pro se*, has filed an application

for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons explained below,

the application should be dismissed without prejudice to Buchanan's right to fully

exhaust his state court remedies in a procedurally correct manner.

**Applicable Background**

Buchanan does not collaterally attack either of his underlying 1990 Dallas

County convictions. Instead, his four habeas claims concern his right to release on

mandatory supervision and his entitlement to street-time credit for time he spent on

parole. Relevant to Buchanan's current claims, Respondent's brief sets out the

---

[1] Lorie Davis has succeeded William Stephens as Director of the Texas
Department of Criminal Justice, Correctional Institutions Division, and, as his
successor, she is "automatically substituted as a party." FED. R. CIV. P. 25(d).

following factual background:

> Buchanan was released to parole on October 30, 2001. A pre-revocation warrant was issued on April 29, 2009, and Buchanan's parole was revoked on June 30, 2011. While he was on parole, Buchanan forfeited six years 10 months and six days of time served. Buchanan filed a time dispute resolution form (TDR) with the TDCJ Classifications and Records Department on June 30, 2011. TDCJ replied on December 14, 2011, explaining that parole issues must be addressed to the [Board of Pardons and Paroles , or the] BPP. Buchanan filed a subsequent TDR on March 4, 2015. TDCJ responded on March 13, 2015, explaining that Buchanan was not eligible to receive street time credit for his time spent on parole because he did not reach his midpoint date under Texas Government Code 508.293(c). As indicated by a letter attached to Buchanan's petition, the TDCJ Board of Pardons ... and Parole decided not to grant Buchanan parole after a review his records and notified him of its decision in a letter dated March 10, 2015.

Dkt. No. 11 at 4-5 (record citations omitted).

Respondent contends that Buchanan's claims are time-barred and unexhausted. Buchanan failed to file a reply brief to address either assertion, and the time to do so has expired.

## Legal Standards

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *see also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court

procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))). In Texas, a prisoner must present his claims to the CCA in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Like habeas claims concerning convictions and sentences, habeas claims based on a denial of release to mandatory supervision must first be presented to the CCA. *See Wilson v. Stephens*, Civ. A. No. H-15-1802, 2015 WL 5880859, at *2 (S.D. Tex. Oct. 7, 2015) ("The Texas Court of Criminal Appeals has held that a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure is an appropriate vehicle to challenge an adverse decision regarding mandatory supervision." (citing *Ex parte Geiken*, 28 S.W.3d 553, 556 (Tex. Crim. App. 2000); *Ex parte McGee*, 962 S.W.2d 49 (Tex. Crim. App. 1998) (per curiam)). Similarly, "although the decision to parole is within the sound discretion of the Texas Board of Pardons and Paroles, complaints regarding the denial of constitutional or statutory rights in consideration of parole may be raised by way of writ of habeas corpus under article 11.07," and such claims must first be "properly exhausted in state court." *Roy v. Quarterman*, Civ. A. No. G-07-0226, 2008 WL 1815304, at *3 (S.D. Tex. Apr. 22, 2008) (citations omitted).

## Analysis

The Court could explore whether Buchanan's claims are time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). Or the Court could attempt to decipher whether AEDPA's statute of

limitations should be equitably tolled. But neither avenue is as straightforward as dismissal of this action without prejudice to Buchanan's right to pursue state habeas relief as to these claims, particularly because "there is no defined time limit on bringing state habeas applications." *Hughes v. Dretke*, No. 4:04-cv-802-Y, 2004 WL 2921841, at *2 (N.D. Tex. Dec. 15, 2004), *rec. adopted*, 2004 WL 3008590 (N.D. Tex. Dec. 28, 2004) (further noting that "the fact that state law may restrict a plea-bargaining defendant's right to direct appeal and the fact that there is no defined time limit on bringing state habeas applications are irrelevant to the computation of the federal limitations period under § 2244(d)(1)(A)").

Accordingly, as Buchanan has not afforded the CCA, as the applicable highest state court, the first opportunity to address the substance of the claims he raises in this Court, *see* Dkt. No. 11-2 (affidavit of CCA clerk certifying "that no post-conviction writ of habeas corpus has been filed" in either trial court case number applicable to Buchanan), he has failed to exhaust his state court remedies in a procedurally correct manner, and his Section 2254 claims should be dismissed without prejudice.

## Recommendation

The Court should dismiss this consolidated action without prejudice to Buchanan's right to fully and properly exhaust state court remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 14, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE